IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MAURICE HAWKINS,

    Petitioner,

v.                                                                Civil Action No.  3:07cv677

GENE JOHNSON, DIRECTOR
DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner Maurice Hawkins, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] Hawkins challenges his convictions for one count of malicious wounding and one count of use of a firearm during the commission of a malicious wounding. Respondent filed a Rule 5 Answer and Motion to Dismiss, providing Hawkins with appropriate *Roseboro* notice. Respondent contends that the matter is barred by the statute of limitations. Hawkins responded to the motion[2] and the matter is ripe for adjudication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] On January 31, 2008, Hawkins filed a "Notice Petitioner Objection Answer and Cross Claim Motion for Judgment." (Docket No. 11.) The Court will treat this as Hawkins's response.

## I. Procedural History

On August 28, 1996, Hawkins was convicted in the Circuit Court for the City of Richmond ("Circuit Court") for malicious wounding and use of a firearm during the commission of a malicious wounding. On November 25, 1996, final judgment of the Circuit Court sentenced Hawkins to a combined fifteen (15) years in prison with eight (8) years suspended. Hawkins did not appeal his convictions.

On May 21, 2007, Hawkins filed a writ of habeas corpus petition in the Circuit Court. The Circuit Court denied Hawkins's habeas petition as time barred. Hawkins did not appeal the Circuit Court's order.

On August 13, 2007, Hawkins filed a motion for continuance in the Supreme Court of Virginia. On August 24, 2007, the Supreme Court of Virginia denied this motion.

On August 27, 2007, Hawkins filed his present Petition in the United States District Court, Eastern District of Virginia.[3] In the Petition, Hawkins raises the following claims, presented below verbatim:

> Claim One: Ineffective assistance of counsel, in that counsel failed to timely note an appeal from the Circuit Court to the Court of Appeals.
>
> Claim Two: I was denied my right to be heard by counsel by way of cross examing the witness at trial because there was conflict of malice.

---

[3] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1989).

## II. Analysis

A. **Time Bar**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Hawkins's conviction became final on December 30, 1996.[4] By following the applicable AEDPA one year limitation period, Hawkins had until December 30, 1997 to file a federal petition for a writ of habeas corpus. Hawkins filed his federal habeas petition on August 27, 2007. Therefore, Hawkins's petition is time barred unless he demonstrates that he is entitled to tolling of the limitation period. 28 U.S.C. § 2244(d)(1).

**B.** **Equitable Tolling**

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.' " *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Hawkins makes no valid argument as to why the court should equitably toll the statute of limitations on his federal petition for writ of habeas corpus. Hawkins argues that he deserves a

---

[4] Generally, "the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Hawkins had 30 days from the November 25, 1996 decision by the Circuit Court to appeal to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 2A:4(a) ("Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed"). Thus, Hawkins's ability to file an appeal to the Court of Appeals of Virginia lapsed on December 25, 1996. However due to the holiday schedule, Hawkins would have had until Monday, December 30, 1996, to file his notice of appeal. *See Hines v. Johnson*, No. 7:07CV00360, 2008 WL 161332, at *1 (W.D.Va. Jan. 15, 2008).

tolling of the statute of limitations deadline because he discovered new evidence when someone attempted to murder him on June 20, 2006. (Resp. 3-4.) Hawkins claims that due to this attempted murder, he became aware of his counsel's failure to file an appeal he requested from his Circuit Court conviction, and that he was denied the right to cross examine a witness at his Circuit Court trial. (Pet. 5.) The Court can construe neither piece of evidence as new. Hawkins fails to explain how the attempted murder made him newly aware that (9) years earlier, his attorney failed to appeal and cross-examine a witness.

Both of Hawkins's federal habeas corpus claims stem from alleged ineffective assistance of counsel or errors which took place at or shortly after his Circuit Court trial in 1996. Even if the Court acknowledged the alleged murder attempt as an extraordinary circumstance external to his control, Hawkins would still fail to argue or prove that this prevented him from filing this Petition on time. Therefore Hawkins's Petition contains no grounds for an equitable tolling of the statute of limitations.

### III. Conclusion

Based on the foregoing reasons, the Motion to Dismiss (Docket No.8) is GRANTED. Accordingly, the Petition (Docket No. 1) will be DISMISSED.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: April 2, 2008

5